Thompson v. Bowne.

For the plaintiff, *J. F. McGee.*

For the defendants, *Gilbert Collins.*

---

JOSEPH J. THOMPSON v. RICHARD BOWNE.

1. A valid agreement to give time on a promissory note to the principal, will discharge the surety.
2. The judgment must be brought up by the writ of error ; an entry in the minutes for judgment will not support the writ.

On error to the Monmouth Pleas.

Argued at June Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff, *Charles H. Trafford.*

For the defendant, *Joel Parker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a suit against the two joint makers of a promissory note. The plaintiff in error was one of these makers, having signed the note as surety for his companion.

The objection to the trial, which is elaborately discussed in the brief of the counsel for the defence, is that the court overruled an offer to show that the defendant, as surety, gave notice to the holder of the note that he was required to sue the principal, and that such notice was disregarded, and that the principal afterwards became insolvent. Numerous decisions in the courts of other states are cited in support of the validity of the objection.

But the question with us is not an open one. A series of judgments in this court and in the Court of Errors, has entirely established the law in a manner opposite to this contention. The following are the cases : *Pintard* v. *Davis, Spencer* 205 ; *S. C.,* 1 *Zab.* 632 ; *Grover* v. *Hoppock,* 2 *Dutcher* 191 ; *Morris Canal* v. *Van Vorst,* 1 *Zab.* 100 ; *Freehold Banking Co.* v. *Brick,* 8 *Vroom* 307.

But there was an offer of testimony made by the defendant at the trial which should have been accepted. It was to show that the holder of the note did, without the consent of the surety, agree, for a valuable consideration, to give time to the principal. It has been repeatedly decided in the courts of this state, that the effect of such an agreement was to discharge the surety. *Bell* ads. *Martin,* 3 *Harr.* 167 ; *Solomon* ads. *Gregory,* 4 *Harr.* 112 ; *Paulin* v. *Kaighn,* 3 *Dutcher* 503 ; *Manning* v. *Shotwell,* 2 *South.* \*584 ; 1 *Parsons on B. and N.* 233.

But although there is manifest error in this respect in these proceedings, a judgment to that effect cannot be entered on the record as it now stands before this court. Looking at it,

there is reason to conclude that no judgment has as yet been actually entered in this case. The transcript before us contains a copy of the pleadings, and of a rule for judgment, and appended to this is a statement of facts made by counsel. It is obvious that on such papers a judgment cannot be reversed. In the present situation of affairs, the only course to be taken is to dismiss the writ as having been improvidently issued and returned before the rendition of the judgment.